Slip Op. 21-156

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRANS TEXAS TIRE, LLC, <br><br>    Plaintiff, <br><br>and <br><br>ZHEJIANG JINGU COMPANY LIMITED, <br><br>    Consolidated Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>DEXSTAR WHEEL, <br><br>    Defendant-Intervenor. | Before: Gary S. Katzmann, Judge <br> Consol. Court No. 19-00188 |

## OPINION

[The court sustains Commerce's Final Results of Redetermination.]

Dated: November 18, 2021

Jordan C. Kahn, Ned H. Marshak, Alan R. Klestadt, and Max F. Schutzman. Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, N.Y. and Washington, D.C., argued for Plaintiff Trans Texas Tire, LLC.

Ting-Ting Kao, Walter J. Spak and Jay C. Campbell, White & Case LLP, of Washington, D.C. and New York, N.Y., argued for Consolidated Plaintiff Zhejiang Jingu Company Limited.

Ashley Akers, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With her on the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and L. Misha Preheim,

Assistant Director. Of Counsel <u>Shelby M. Anderson</u>, Senior Attorney, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

<u>Nicholas J. Birch</u>, <u>Roger Schagrin</u> and <u>Geert De Prest</u> Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Dexstar Wheel.

　　　Katzmann, Judge: Plaintiffs Trans Texas Tire, LLC ("TTT") and Zhejiang Jingu Company Limited ("Jingu") (together, "Plaintiffs") brought this action to contest a final scope ruling by the United States Department of Commerce ("Commerce"). Compl. of Trans Texas Tire at 1–2, Nov. 1, 2019, ECF No. 10 ("Pl.'s Compl."); <u>see also</u> Compl. of Zhejiang Jingu, <u>Zhejiang Jingu Co. Ltd. v. United States</u>, No. 19-cv-00187 (CIT Nov. 1, 2019), ECF No. 13 ("Consol.-Pl.'s Compl."). Plaintiffs alleged that Commerce erred by including steel trailer wheels coated in chrome through a physical vapor deposition ("PVD") process ("PVD chrome wheels") in the final antidumping duty ("AD") determination, and further challenged Commerce's assessment of duties on PVD chrome wheels retroactive to the date of Commerce's preliminary determination. Pl's Compl. at 5–6; <u>see generally</u> Commerce's <u>Order on Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China</u>, 84 Fed. Reg. 45,952 (Dep't Commerce Sept. 3, 2019), P.R. 308 ("<u>AD Order</u>"). Following Plaintiffs' motions for judgment on the agency record, the court sustained Commerce's scope determination but concluded that Commerce did not provide adequate notice of the inclusion of PVD chrome wheels prior to publication of its revised scope determination. <u>Trans Texas Tire, LLC v. United States</u>, 45 CIT __, __, 519 F. Supp. 3d 1275, 1288–89 (2021) ("<u>Trans Texas I</u>"). Accordingly, the court remanded to Commerce for reformulation of its instructions to U.S. Customs and Border Protection ("CBP") consistent with the court's opinion. As detailed below, the court concludes that Commerce's Final Results of Redetermination Pursuant to Court Remand, Jun. 15, 2021, ECF No. 62-1 ("<u>Remand Results</u>") are supported by substantial evidence and in accordance with law.

# BACKGROUND

The court set out the relevant legal and factual background of the proceedings in further detail in its previous opinion, Trans Texas Tire, LLC v. United States, 519 F. Supp. 3d 1275. Information relevant to the instant opinion is set forth below.

On August 8, 2018, Dexstar Wheel Division of Americana Development, Inc. ("Dexstar"), a domestic producer of trailer wheels, filed AD and CVD petitions on certain steel trailer wheels from the People's Republic of China. Petitions for the Imposition of AD and CVD Duties on Behalf of Dexstar Wheel Division of Americana Development, Inc. Re: Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China, P.R. 50, 52 ("Petition"). Commerce initiated its AD investigation on September 5, 2018. Certain Steel Wheels 12 to 16.5 Inches in Diameter From the People's Republic of China: Initiation of Less Than Fair Value Investigation, 83 Fed. Reg. 45,095 (Dep't Commerce Sept. 5, 2018), P.R. 72 ("Initiation Notice"). The Initiation Notice provided that "[e]xcluded from this scope are the following: . . . (3) certain on the road steel wheels that are coated entirely with chrome." Id. at 45,100. On April 15, 2019, Commerce issued its preliminary scope decision memorandum, stating that certain on-the-road steel wheels "coated entirely in chrome" were excluded from the scope of its investigation. Mem. from E. Begnal to G. Taverman, re: Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China: Preliminary Scope Decision Memorandum 2 (Dep't Commerce Apr. 15, 2019), P.R. 252. On April 22, 2019, Commerce published its preliminary AD determination finding that certain steel wheels from China were being sold in the United States for less than fair value, and again stating that "certain on-the-road steel wheels that are coated entirely in chrome" were outside the scope of the investigation. Certain Steel Wheels 12 to 16.5 Inches from the People's Republic of China: Preliminary Affirmative Determination of Sales at Less Than Fair

Value, and Preliminary Affirmative Determination of Critical Circumstances, 84 Fed. Reg. 16,643, 16,646 (Dep't Commerce Apr. 22, 2019), P.R. 255 ("Preliminary Determination").

On July 1, 2019, Commerce issued its final scope decision memorandum, which clarified that the exclusion from ADs would in fact be "limited to chrome wheels coated entirely in chrome and produced through a chromium electroplating process, and [would] not extend to wheels that have been finished with other processes, including but not limited to Physical Vapor Deposition (PVD)." Mem. from E. Begnal to J. Maeder, re: Certain Steel Wheels from the People's Republic of China: Final Scope Decision Memorandum for the Final Antidumping Duty and Countervailing Duty Determinations 5 (Dep't Commerce Jul. 1, 2019), P.R. 301. Shortly thereafter, on July 9, 2019, Commerce published its final affirmative determination in which it stated that the AD Order would cover PVD chrome wheels, and exclude only electroplated chrome wheels. Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value, and Final Affirmative Determination of Critical Circumstances, 84 Fed. Reg. 32,707, 32,710 (Dep't Commerce July 9, 2019), P.R. 302 ("Final Determination"). On September 3, 2019, Commerce issued its AD order imposing duties on certain steel wheels from China. AD Order.

This action was initiated by TTT on October 3, 2019, and a complaint was timely filed. Summons, ECF No. 1; Compl. On November 22, 2019, Dexstar joined the action as a defendant-intervenor. Order Granting Consent Mot. to Intervene, Nov. 22, 2019, ECF No. 15. Foreign producer Jingu, which had challenged the scope of Commerce's AD Order and the retroactive assessment of duties in a concurrent litigation, then joined TTT's action as a consolidated plaintiff. Consol.-Pl.'s Compl.; Order Granting Mot. to Consolidate, Dec. 11, 2019, ECF No. 21. On April 28, 2020, TTT and Jingu each filed Rule 56.2 motions for judgment on the agency record, alleging

that Commerce (1) unlawfully expanded the scope of its AD investigation by including PVD chrome wheels; and (2) improperly assessed ADs retroactively to the preliminary determination date without adequate notice. Pl.'s Mot. for J. on the Agency R. 26, 37, Apr. 28, 2020, ECF No. 29; Consol.-Pl.'s Mot. for J. on the Agency R. 18, 39, Apr. 28, 2020, ECF. No. 30. Defendant the United States ("Government") and Defendant-Intervenor Dexstar opposed Plaintiffs' motions, responding that (1) Commerce's authority to determine the scope of its orders controlled; (2) Commerce properly assessed duties retroactively; and (3) the chrome wheel exclusion was never intended to encompass PVD chrome wheels. Def.'s Resp. to Pl.'s Mot. for J. on Agency R. 12, 27, 30, Aug. 10, 2020, ECF No. 35; Resp. Br. of Dexstar 9, 16, 24, Aug. 10, 2020, ECF No. 34. Oral argument was held on January 25, 2021. Oral Arg., Jan. 25, 2021, ECF No. 56. Upon consideration of the parties' arguments the court concluded that, while Commerce permissibly included PVD chrome wheels in the scope of the AD Order, Commerce's retroactive assessment of duties was unlawful because Plaintiffs had no notice of the inclusion of PVD chrome wheels at the time of the Preliminary Determination. Trans Texas I, 519 F. Supp. 3d at 1289. Accordingly, the court remanded to Commerce for revision of its instructions to CBP. Id.

      Commerce filed its Remand Results on June 15, 2021. Remand Results. On remand, Commerce prepared revised instructions to CBP "provid[ing] that imports of PVD chrome wheels entered, or withdrawn form warehouse, for consumption between the date of publication of Commerce's Preliminary Determination and the day before the date of publication of Commerce's Final Determination are outside the scope of the investigation."[1] Id. at 8. Commerce further noted

---

[1] As the court stated in Trans Texas I, notice was in this case provided by publication of the revised language clarifying the inclusion of PVD chrome wheels. 519 F. Supp. 3d at 1288. Commerce accordingly determined on remand that the notice date was July 9, 2019, at which time the Final Determination was published in the Federal Register.

that the instructions will not be issued to CBP until Commerce publishes a notice of court decision not in harmony with Commerce's determination and the period of appeal expires (or an appeal is filed and resolved) ("Timken notice"). Id. at 8–9. Until the expiration of the period of appeal, or until a final and conclusive decision is issued on appeal, Commerce indicated that it will "order the continuation of the suspension of liquidation of the entries at issue" but also instruct CBP to "give effect to [Trans Texas I] by allowing for the importer to seek refunds pursuant to 19 U.S.C. 1520(a)(4)." Id. at 9.

Following issuance of the Remand Results, Dexstar submitted comments on July 15, 2021, requesting that the court sustain Commerce's redetermination in its entirety. Def.-Inter.'s Comments on Final Results of Redetermination, ECF No. 65. The Government filed its response to the parties' comments on August 12, 2021, and further requested that the Remand Results be sustained. Def.'s Resp. to Comments on Remand Results, ECF No. 66. While Plaintiffs did not file comments on the Remand Results, they each submitted letters to Commerce affirming their support of the redetermination. See Remand Results at 6 n.22 (citations omitted).

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). The standard of review in this action is set forth in 19 U.S.C. § 1516a(b)(1)(B)(i): "[t]he court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." The court also reviews the determinations pursuant to remand "for compliance with the court's remand order." See Beijing Tianhai Indus. Co. v. United States, 39 CIT __, __, 106 F. Supp. 3d 1342, 1346 (2015) (citations omitted).

## DISCUSSION

The court concludes that Commerce's Remand Results are supported by substantial evidence and in accordance with law. As instructed by the court in Trans Texas I, Commerce has reformulated its instructions to CBP to reflect the fact that adequate notice of the inclusion of PVD chrome wheels was not provided to Plaintiffs until publication of the Final Determination on July 9, 2019, and therefore duties may not be assessed retroactively beyond that date. Trans Texas I, 519 F. Supp. at 1288–89; Remand Results at 10; Att. A–B. Furthermore, the proposed draft notices filed by Commerce are in compliance with the Federal Circuit's decision in Timken Co v. United States, 893 F.2d 337 (Fed. Cir. 1990) which provides that "[i]f the CIT . . . renders a decision which is not in harmony with Commerce's determination, then Commerce must publish notice of that decision . . . regardless of the time for appeal or of whether an appeal is taken" and that, "Commerce should suspend liquidation" pending a "conclusive court decision," whether obtained by expiry of the appeal period or resolution of an appeal. 892 F.2d at 341–42; see also Diamond Sawblades Mfrs. Coal. v. United States, 626 F.3d 1374, 1382 (Fed. Cir. 2010) (clarifying Commerce's obligations following issuance of a Timken notice). Finally, the draft reformulated instructions properly ensure access to interim remedies pursuant to 19 U.S.C. § 1520(a)(4). As Commerce's redetermination is supported by substantial evidence and in accordance with law, and as it further complies with the court's instruction in Trans Texas I that Commerce revise its instructions to CBP, the court sustains Commerce's Remand Results.

## CONCLUSION

For the foregoing reasons, Commerce's Remand Results are sustained. Judgment will enter accordingly in favor of Defendant.

**SO ORDERED.**

          /s/      *Gary S. Katzmann*
                      Judge

Dated:  November 18, 2021
         New York, New York